# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRASCO, INC., <br><br> Petitioner, <br><br> v. <br><br> AL DAHRA ACX GLOBAL, INC., <br><br> Respondent. | Case No. 1:17-mc-00050-SAB <br><br> ORDER TRANSFERRING THIS MISCELLANEOUS CASE TO CENTRAL DISTRICT OF CALIFORNIA AND DISCHARGING THE AUGUST 14, 2017 ORDER TO SHOW CAUSE |

On July 19, 2017, Mirasco, Inc. ("Mirasco") filed a motion to compel third party Al Dahra ACX Global, Inc. ("Al Dahra") to comply with the amended subpoena issued on May 3, 2017, ("amended subpoena") in a civil action which is proceeding in the United States District Court for the Northern District of Georgia. (ECF No. 1.) On July 21, 2017, Mirasco filed an amended motion to compel. (ECF No. 3.) On July 24, 2017, the Court set Mirasco's motion to compel for hearing before the undersigned on August 16, 2017. (ECF No. 4.) On July 24, 2017, Mirasco filed a certificate of service indicating that it had served the Court's July 24, 2017 order setting the motion to compel for hearing on Al Dahra and on Diaa Ghaly ("Ghaly"), the defendant in the civil action in the Northern District of Georgia. (ECF No. 5.) On August 9, 2017, the parties to this discovery dispute filed a joint statement, including a copy of the amended subpoena. (ECF No. 8.) On August 9, 2017, Mirasco filed a notice of request to seal documents. (ECF No. 9.) On August 14, 2017, the Court issued an order vacating the August

1

16, 2017 hearing and requiring the parties to show cause why the motion to compel should not be denied without prejudice subject to refiling in the Central District of California. (ECF No. 11.) On August 16, 2017, Mirasco filed a response to the order to show cause. (ECF No. 14.)

Rule 45(d)(2)(B)(i) provides that if an objection is made to a subpoena to produce documents, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Further, Rules 45(d)(3)(A) and 45(d)(3)(B) provide that the court for the district where compliance is required must quash or modify a subpoena in certain circumstances and may do so in other specific circumstances.

On May 3, 2017, Mirasco served the amended subpoena on Al Dahra. (ECF Nos. 8-5, 8-6.) The subpoena states that production of the documents was to occur on May 19, 2017, at 12:00 p.m. at the office of Mirasco's attorney in Los Angeles, California. (Id.) The subpoena is addressed to "Al Dahra ACX Global, Inc., c/o Registered Agent: Brent Hansston" at an address in Wilmington, California. (Id.) The amended subpoena states that the designated place of production is in Los Angeles, California, and that the location of Al Dahra is in Wilmington, California, which are both in Los Angeles County. (ECF Nos. 8-5, 8-6.) Therefore, the Central District of California is the court for the district where compliance is required.[1]

Mirasco contends that the Eastern District of California is the proper court because Mirasco originally attempted to serve Al Dahra on May 2, 2017, at an address in Bakersfield, California, which was listed on the Secretary of State of California's website as the principal place of business and registered agent.[2] The original subpoena also commanded production at an address in Bakersfield, California. However, Mirasco admits that the process server discovered that Al Dahra had relocated its office, which precipitated the issuance of the amended subpoena. While the district of compliance for the original subpoena was the Eastern District of California, the motion to compel is not to compel compliance with the original subpoena, which was not

---

[1] The Court notes that the Eastern District of California is also not the issuing court. The Northern District of Georgia is the issuing court.

[2] The Court notes that Bakersfield is in the Eastern District of California.

2

successfully served on Al Dahra. The motion to compel is to compel compliance with the amended subpoena, for which the district of compliance is the Central District of California.

While Mirasco is correct that part of the purpose of Rule 45 is to protect non-parties, Rule 45 explicitly provides that the motion to compel must be brought in the district of compliance. See Fed. R. Civ. P. 45 (Notes to 2013 Amendments) ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c)."). Although the parties consent to the dispute being heard in the Eastern District of California and Al Dahra identified the Eastern District of California as the proper court to handle any disputes arising from the amended subpoena in its objection to the amended subpoena, the fact remains that the Eastern District of California is not the district of compliance.

While the parties took the time and effort to prepare and file their joint statement in accordance with the Local Rules of the Eastern District of California, and the parties may have to comply with different requirements in another district, this issue was created by Mirasco filing the motion to compel in the improper district. The Court also notes that the parties did not file a copy of the amended subpoena until August 9, 2017, when they filed their joint statement.

Therefore, as the district of compliance is the Central District of California, this Court lacks jurisdiction to rule on the pending motion to compel in this miscellaneous case. The Court next decides whether this case should be transferred rather than dismissed.

Mirasco requests that the Court transfer this matter to the Central District of California or Northern District of Georgia pursuant to Rule 45(f) if the Court is not inclined to hear the motion to compel. Rule 45(f) allows the district court where compliance is required to decide whether to transfer subpoena-related motions to the issuing court. See Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.") As Rule 45(f) does not provide for transfers to the district of compliance, this Court cannot transfer the subpoena-related motion to the Central District of

California pursuant to Rule 45(f). Since this Court is not the district of compliance, this Court cannot transfer the subpoena-related motion to the issuing court. It is the Central District of California that has the authority to transfer the subpoena-related motion to the Northern District of Georgia pursuant to Rule 45(f).

The Court considers whether to transfer the subpoena-related motion pursuant to 28 U.S.C. § 1631. "Jurisdictional defects that arise when a suit is filed in the wrong federal court may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631." Clark v. Busey, 959 F.2d 808, 812 (9th Cir. 1992). Section 1631 provides that a court that lacks jurisdiction can transfer a civil action to any other such court in which the action could have been brought at the time it was filed or noticed if it is in the interest of justice. See 28 U.S.C. § 1631.[3] Since the motion to compel could only have been brought in the district of compliance, the only court that this Court can transfer the motion to compel to is the Central District of California.

The Ninth Circuit has found that it usually is in the interest of justice to transfer instead of dismissing an action. See Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.") (citation omitted). Here, the Court finds that it is in the interest of justice to transfer this miscellaneous case for a subpoena-related motion to the Central District of California to avoid further delay in resolving the underlying discovery dispute. In doing so, this Court is expressing no opinion as to whether the Central District of California should then transfer this subpoena-related motion to the Northern District of Georgia pursuant to Rule 45(f). This Court also expresses no opinion as to the merits of the underlying dispute regarding the amended subpoena. Therefore, this miscellaneous case for a subpoena-related motion shall be transferred to the Central District of California and the order to show cause shall be discharged.

Mirasco's request to seal documents is also pending before this Court. Since the Court is

---

[3] Other courts have found that Section 1631 applies in miscellaneous proceedings, such as this case. See Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555, at *5, n. 6 (D. Nev. Aug. 15, 2014) (analyzing transfer under Section 1631 for Rule 45 subpoena-related motion) (citing Fisher v. United States, 676 F. Supp. 2d 1165, 1168-69 (W.D. Wash. 2009) (analyzing transfer under Section 1631 for petition to quash an IRS summons)).

4

transferring this case for a subpoena-related motion to the Central District of California, it should be for the Central District of California to decide whether to seal the information that Mirasco requests be sealed. Therefore, this Court expresses no opinion as to the motion to seal and leaves for the transferee court to rule on the sealing issues as it sees fit.

Based on the foregoing, it is HEREBY ORDERED that this miscellaneous case, including Mirasco's motion to compel Al Dahra to comply with the amended subpoena and Mirasco's request to seal documents, shall be transferred to the Central District of California. It is FURTHER ORDERED that the August 14, 2017 order to show cause is discharged.

IT IS SO ORDERED.

Dated: **August 18, 2017**

UNITED STATES MAGISTRATE JUDGE